jIN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AL HAYY HASAN,** | : | |
| Petitioner | : | CIVIL NO. 1:CV-09-01482 |
| v. | : | (Judge Rambo) |
| **T.R. SNIEZEK,** | : | |
| Respondent | : | |

# M E M O R A N D U M

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed by Petitioner Al Hayy Hasan ("Hasan"), an inmate currently incarcerated at the Federal Correctional Institution at Schuylkill ("FCI-Schuylkill") in Minersville, Pennsylvania. (Doc. 1.) Hasan is challenging the Bureau of Prisons' ("BOP") calculation of his federal sentence. For the reasons that follow, the petition will be denied.

## I. Background

On July 16, 2001, the United States District Court for the District of New Jersey ("New Jersey District Court") sentenced Hasan to a term of imprisonment of sixty-six (66) months, as amended sixty (60) months, to be followed by a term of supervised release of five (5) years, for bank fraud, *see* 18 U.S.C. § 1344. *See United States v. Hinton*, Crim. No. 1:00-CR-00125, Docs. 107, 137 (D.N.J. July

16, 2001); (Doc. 7-2, Flagg Decl., Attach. A, Public Information Inmate Data, 8.) On April 22, 2004, Hasan was released from federal custody for good conduct time. (*Id*. at 7.) At that time, he began serving his 5-year term of supervised release. (*Id*.)

On August 12, 2005, Hasan was arrested in Pennsylvania by Philadelphia Police on new charges of bank fraud. (*Id*. at 12.) Hasan was released from the custody of the Philadelphia Police Department on that same day. (Doc. 7-2, Flagg Decl., ¶ 6, 4.) On November 4, 2005, Hasan was arrested by the United States Marshals Service ("USMS") in connection with the new bank fraud charges and remained in federal custody. (Doc. 7-2, Flagg Decl., Attach. B, USMS Prisoner Tracking System Report, 20); *see also United States v. Hasan*, Crim. No. 2:06-CR-00174 (E.D. Pa. Nov. 16, 2005).

On November 8, 2007, the New Jersey District Court found Hasan guilty of violating his previously imposed 5-year term of supervised release by committing another offense, revoked the term of supervised release and sentenced him to a term of imprisonment of twenty-seven (27) months. (Doc. 7-2, Flagg Decl., Attach. C, J. in Criminal Case, 22-23.) However, the 27-month term expired on that same day because Hasan was released via good conduct time. (Doc. 7-2 at 11.) Specifically, Hasan received credit for August 12, 2005; November 4, 2005

2

through October 19, 2007; and November 8, 2007. (*Id.*) Due to the nature of this "time served" sentence, as defined by the BOP, Hasan completed his sentence on October 19, 2007. (Doc. 1 at 11.) However, he remained in federal custody on a detainer for the August 12, 2005 offense. (*Id.*)

On April 2, 2008, the United States District Court for the Eastern District of Pennsylvania ("Eastern District Court") sentenced Hasan to a term of imprisonment of sixty (60) months, to be followed by term of supervised release of five (5) years, for a bank fraud conviction resulting from Hasan's 2005 arrest. (Doc. 7-2 at 12-13; *see United States v. Hasan*, Crim. No. 06-CR-00174.) In addition, Hasan was granted prior custody credit of one hundred and sixty-four (164) days, or from October 20, 2007 through November 7, 2007, and November 9, 2007 through April 1, 2008. (*Id.*)

Hasan filed the instant petition for writ of habeas corpus on August 3, 2009. (Doc. 1.) On August 18, 2009, an order to show cause was issued, directing Respondent to respond to the petition. (Doc. 5.) Responsive and reply briefings have been filed, and the matter is now ripe for disposition.

## II. Discussion

A petition for writ of habeas corpus under § 2241 is the proper vehicle for relief "where petitioner challenges the effect of events 'subsequent' to his sentence," *Gomori v. Arnold*, 533 F.2d 871, 874 (3d Cir. 1976), and where he challenges the execution of his sentence rather than its validity, *see United States v. Addonizio*, 442 U.S. 178, 185-88 (1979); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). Thus, Hasan has properly invoked section 2241 to challenge the calculation of his federal sentence by the BOP and has done so in the proper district, where he was imprisoned at the time he filed the petition. *Barden v. Keohane*, 921 F.2d 476, 478-79 (3d Cir. 1990).

The Attorney General is responsible for computing federal sentences for all offenses committed after November 1, 1987, *United States v. Wilson*, 503 U.S. 329, 331-32 (1992); 18 U.S.C. § 3585, and the Attorney General has delegated this authority to the Director of the Bureau of Prisons, 28 C.F.R. § 0.96 (1992). Computation of a federal sentence is governed by 18 U.S.C. § 3585, and consists of the following two-step process: (1) a determination of the date on which the federal sentence commences, and (2) consideration of any credit to which petitioner may be entitled. *Chambers v. Holland*, 920 F. Supp. 618, 621 (M.D. Pa. 1996).

Section 3585(a) provides that a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). A federal sentence does not begin to run when a defendant is taken into federal custody from state custody pursuant to a writ of habeas corpus *ad prosequendum*. *Ruggiano v. Reish*, 307 F.3d 121, 126 (3d Cir. 2002); *Chambers*, 920 F. Supp. at 622. This is because the state remains the primary custodian in those circumstances.[1] Further, a concurrent sentence commences on the date of its imposition, not on the date of commencement of the prior sentence or some earlier date. *See Shelvy v. Whitfield*, 718 F.2d 441, 444 (D.C. Cir. 1983).

A determination of whether credit is warranted for time spent in custody prior to the commencement of a federal sentence is governed by 18 U.S.C. § 3585(b). This section provides the following:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -

---

[1] The jurisdiction that first arrests an offender has primary jurisdiction over the offender until that sovereign relinquishes it to another jurisdiction by, for example, bail release, dismissal of the state charges, parole release or the expiration of the state sentence. *See Taylor v. Reno*, 164 F.3d 440, 444 (9th Cir. 1998); *Chambers*, 920 F. Supp. at 622.

5

> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

*Id*. Thus, under § 3585(b), prior custody credit cannot be granted if the prisoner has received credit toward another sentence. *See also Chambers*, 920 F. Supp. at 622. "Congress made clear that a defendant could not receive a double credit for his detention time." *Wilson*, 503 U.S. at 337.

In the instant case, Hasan seeks prior custody credit toward his federal sentence imposed by the Eastern District Court from November 16, 2005 through April 1, 2008. (Doc. 1 at 6.) He further claims that the sentence imposed by the Eastern District Court should have been served concurrently with the term of imprisonment previously imposed by the New Jersey District Court upon revocation of his 5-year term of supervised release. (*Id*. at 10.) Respondent counters that Hasan already has been awarded all credit for which he is entitled. Upon review, the court agrees with Respondent.

First, Hasan's sentence imposed by the New Jersey District Court at criminal case number 1:00-CR-00125 commenced on the date it was imposed,

November 8, 2007. Hasan received credit toward this sentence for August 12, 2005 (the date of his arrest by the Philadelphia Police Department); November 4, 2005 (the date of his arrest by USMS) through October 19, 2007 (the date before his supervised release term expired); and November 8, 2007 (the date the sentence was imposed). Second, Hasan's sentence imposed by the Eastern District Court at criminal case number 06-CR-00174 commenced on the date it was imposed, April 2, 2008. Hasan received credit toward this sentence for October 20, 2007 (the date after his supervised release term from the New Jersey District Court expired) through November 7, 2007, and November 9, 2007 through April 1, 2008. Hasan was not credited with November 8, 2007 at that time because he had already received credit for that date toward his sentence imposed by the New Jersey District Court. From a review of this credit, it is apparent that Hasan has been awarded all the credit which he seeks (November 16, 2005 through April 1, 2008) toward one of his two federal sentences. Thus, under 18 U.S.C. § 3585(b), Hasan is not entitled to receive credit toward his federal sentence imposed by the Eastern District Court because the time requested has already been credited against either that sentence itself or the previous sentence imposed by the New Jersey District Court. Furthermore, contrary to Hasan's assertion, he has not received two sentences for "the exact same conduct." (Doc. 8 at 3.) In the New Jersey District

7

Court, Hasan was sentenced for violating the terms of his 2001 sentence; in the Eastern District Court, Hasan was sentenced for a 2005 bank fraud conviction. Moreover, because the sentence imposed by the New Jersey District Court had already expired at the time Hasan was sentenced in the Eastern District Court, it was simply not possible to have run those sentences concurrently.

**III.   Conclusion**

Based on the foregoing, Hasan is not entitled to prior custody credit toward his federal sentence.  Accordingly, the petition for writ of habeas corpus will be denied.

An appropriate order follows.

s/Sylvia H. Rambo<br>
United States District Judge

Dated:  October 21, 2009.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AL HAYY HASAN, | : | |
| Petitioner, | : | CIVIL NO. 1:CV-09-01482 |
| v. | : | (Judge Rambo) |
| T.R. SNIEZEK, | : | |
| Respondent | : | |

# O R D E R

**AND NOW**, this 21st day of October, 2009, upon consideration of the petition for writ of habeas corpus (Doc. 1), and in accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1. The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

2. The Clerk of Court is directed to **CLOSE** this case.

                                       s/Sylvia H. Rambo
                                       United States District Judge