IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AL HAYY HASAN, | : | |
| Petitioner | : | CIVIL NO. 1:CV-09-01482 |
| v. | : | (Judge Rambo) |
| T. R. SNIEZEK, | : | |
| Respondent | : | |

## **M E M O R A N D U M**

Before the court is Petitioner Al Hayy Hasan's ("Hasan") motion for reconsideration of the court's memorandum and order of October 21, 2009 (Doc. 10), denying his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, the instant motion, (Doc. 11), will be denied.

## I. **Background**

Hasan, an inmate currently incarcerated at the Federal Correctional Institution at Schuylkill in Minersville, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on August 3, 2009, challenging the Bureau of Prisons' ("BOP") calculation of his federal sentence. (Doc. 1.) Hasan was seeking prior custody credit towards his federal sentence imposed by the United States District Court for the Eastern District of Pennsylvania ("Eastern District Court"). He also claimed that the sentence imposed by the Eastern District Court should have been served concurrently with a term of imprisonment previously imposed by the United

States District Court for the District of New Jersey ("New Jersey District Court"). In support, he claimed that the two sentences imposed upon him by the separate courts were in fact related to the same offense and therefore should run concurrently.

By memorandum and order dated October 21, 2009, the court denied Hasan's habeas petition, finding that he was not entitled to prior custody credit towards his federal sentence. (Doc. 10.) Specifically, the court found that Hasan was not entitled to receive credit towards the sentence imposed by the Eastern District Court because the time requested had already been credited against either that sentence itself or the previous sentence imposed by the New Jersey District Court. Further, the court found that Hasan had not received two sentences for the same offense; rather, in the New Jersey District Court, he was sentenced for violating the terms of a 2001 federal sentence, and in the Eastern District Court, he was sentenced for a 2005 bank fraud conviction. Finally, the court reasoned that because the sentence imposed by the New Jersey District Court had already expired at the time Hasan was sentenced in the Eastern District Court, it was simply not possible to run the sentences concurrently. Thus, the court denied the petition.

Consequently, Hasan filed the instant motion for reconsideration. (Doc. 11.) In his motion, Hasan again argues that he has improperly received two sentences for the same offense. After careful review, the court will deny the motion.

## II. Discussion

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. *Drysdale v.*

3

*Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Applying the standard used when a party seeks reconsideration, the court concludes that Hasan has not demonstrated any of the applicable grounds for reconsideration. Initially, the court finds no intervening change in controlling law and no error of law or fact. Additionally, Hasan's restated arguments do not constitute new evidence that was unavailable when the court entered judgment. Furthermore, the court remains confident that not only has Hasan's sentence been calculated properly, but also that the analysis set forth in the October 21, 2009 memorandum and order is sound. Accordingly, the motion for reconsideration will be denied.

An appropriate order will issue.

                                                 s/Sylvia H. Rambo
                                                 United States District Judge

Dated: December 8, 2009.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AL HAYY HASAN, | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-09-01482 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| T.R. SNIEZEK, | : | |
| | : | |
| Respondent | : | |

## **O R D E R**

**AND NOW**, this 8th day of December, 2009, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motion for reconsideration (Doc. 11) is **DENIED**.

                                                   s/Sylvia H. Rambo
                                                   United States District Judge